1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GUILLERMO VILLASENOR,           ) Case No. CV 13-1824 PSG(JC)
                                )
              Petitioner,       )
                                )
       v.                       ) ORDER SUMMARILY DISMISSING
                                ) PETITION FOR WRIT OF HABEAS
WARDEN,                         ) CORPUS
                                )
              Respondent.       )
                                )
_____  )

I.    **SUMMARY**

On March 14, 2013, Guillermo Villasenor ("petitioner"), a state prisoner who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). Petitioner challenges a Los Angeles County Superior Court conviction and sentence. It plainly appears from the face of the Petition that petitioner is not entitled to relief at this time because petitioner's claims have not been presented to the California Supreme Court and the Petition is wholly unexhausted. Accordingly, the Petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

_____

[1]Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

(continued...)

## II.    DISCUSSION

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000).  "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights."  Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state.  Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008) (citation omitted); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.) (per curiam), cert. denied, 130 S. Ct. 1014 (2009); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Petitioner has the burden of demonstrating he has exhausted available state remedies.  See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied, 522 U.S. 833 (1997); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).  In the present proceeding, petitioner affirmatively represents that he has not presented any of his instant claims to the California Supreme Court either by way

---

[1](...continued)
the district court. . . ."   Federal courts are permitted to raise exhaustion problems *sua sponte*. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993) (citing Granberry v. Greer, 481 U.S. 129, 134 (1987)).

of a petition for review or a petition for writ of habeas corpus.  (Petition at 5-6).

Accordingly, it plainly appears from the face of the Petition that petitioner cannot

meet his burden to demonstrate that he has exhausted his claims.

The Court notes that the exhaustion requirement may be satisfied if a

petitioner's unexhausted claims are clearly procedurally barred under state law.

See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d

828, 831 (9th Cir. 1996).  In this case, however, it is not "clear" that the California

Supreme Court would deem petitioner's claims procedurally barred under state law

if he were to raise them in a habeas petition in the California Supreme Court.  See

In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper

remedy in this state to collaterally attack a judgment of conviction which has been

obtained in violation of fundamental constitutional rights.") (citations omitted);

People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that

fundamental constitutional rights have been violated may be raised by state habeas

petition).[2]

Once a Court determines that a habeas petition contains only unexhausted

claims, it may dismiss the petition for failure to exhaust.  Rasberry v. Garcia, 448

F.3d 1150, 1154 (9th Cir. 2006).  Accordingly, because the Petition in this case is

wholly unexhausted, dismissal thereof is appropriate.

///

///

///

///

_____

[2]This Court expresses no opinion regarding whether consideration of a state habeas
petition might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87
(1993).  The California Supreme Court should evaluate the matter in the first instance.  Even if
an applicable state procedural bar exists, the California Supreme Court nevertheless might
choose to reach the merits of petitioner's claims.  See, e.g., Park, 202 F.3d at 1151-52.

**III.    ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed and that Judgment be entered accordingly.

DATED: __March 20, 2013___

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:[3]


_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3]Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.